UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 21-cv-21540-BLOOM/Otazo-Reyes**

IDOC HOLDINGS, INC.,
*d/b/a CheckedUp*,

      Plaintiff,

v.

MARK GOETHALS,

      Defendant.
_____/

**ORDER ON EMERGENCY MOTION**

**THIS CAUSE** is before the Court upon Plaintiff Idoc Holdings, Inc.'s ("Plaintiff") Verified Emergency Motion for Preliminary Injunctive Relief and Incorporated Memorandum of Law, ECF No. [7] ("Motion"). The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

Plaintiff initiated this action on April 21, 2021, ECF No. [1] ("Complaint"), arising from Defendant Mark Goethals' ("Defendant") purported breach of his employment agreement with Plaintiff. *See generally id.* The very next day, Plaintiff filed the instant Motion, urging the Court to "immediately issue a preliminary injunction" against Defendant as follows:

> (1) enjoining Goethals from competing with CheckedUp in the healthcare technology business, among other interrelated lines of business, within the agreed upon geographic scope and for the agreed upon time frame consistent with the Agreement; (2) enjoining Goethals from using any of CheckedUp's confidential and proprietary information in any way, including, but not limited to, competing with CheckedUp in violation of the parties' non-compete agreement, and mandating that Goethals return any CheckedUp confidential information; (3) requiring Goethals to leave his current employer, InStep Health, which is a competitor of CheckedUp; (4) requiring InStep Health to

>       comply with the aforementioned injunctive relief as it pertains to Goethals in
>       the event the Court does not order Goethals to leave the employ of InStep
>       Health; (5) awarding CheckedUp its reasonable attorneys' fees in connection
>       with this motion; and (6) awarding such other preliminary injunctive relief as
>       the Court deems appropriate.

ECF No. [7] at 17.

Local Rule 7.1 permits litigants to designate a motion as an emergency. S.D. Fla. L.R. 7.1(d)(1). A filer requesting emergency action "must set forth in detail the nature of the emergency, the date by which a ruling is necessary, and the reason the ruling is needed by the stated date." S.D. Fla. L.R. 7.1(d)(1). The filer must certify that the matter is a true emergency. *Id.* It is within the Court's discretion to sanction a party for "[t]he unwarranted designation of a motion as an emergency[.]" *Id.*

The Motion is due to be denied for several reasons. First, the Motion does not comply with, and constitutes an improper use of, emergency filing procedures. While Plaintiff has certified that the Motion is an emergency, merely copying and pasting the Rule 7.1 certification is wholly insufficient to establish that the Motion requires immediate action from the Court. In other words, Plaintiff has failed to demonstrate that the Motion qualifies as an emergency. The Court finds it difficult to conceive how counsel's "review of the facts and research[] [of] applicable principles" led to his determination that a true emergency exists. ECF No. [7] at 19.

Additionally, Plaintiff has failed to specify a date by which a ruling is necessary, and why the ruling is needed by that specific date. Simply pointing to the standard certification provided in Rule 7.1 is insufficient to meet the Rule's requirements.

Lastly, the Motion is due to be denied because Plaintiff's request for a preliminary injunction is premature. *See* Fed. R. Civ. P. 65(a)(1) ("The court may issue a preliminary injunctive only on notice to the adverse party."); *see also Dragados USA, Inc. v. Oldcastle Infrastructure,*

*Inc.*, No. 20-CV-20601, 2020 WL 733037, at *4 (S.D. Fla. Feb. 13, 2020). The record in this case does not indicate that service has been perfected on Defendant. Indeed, Plaintiff filed the instant Motion before the summons to Defendant was issued, ECF No. [8], and advised the Court that the Motion "will be included in the summons package to be personally served upon" Defendant, ECF No. [7] at 18. Given the lack of notice to Defendant, Plaintiff's request for a preliminary injunction is premature. As such, the request for preliminary injunctive relief is denied without prejudice.

The Court must take this opportunity to advise Plaintiff and Plaintiff's counsel that emergency motions are treated very seriously. Plaintiff's improper emergency designation has inconvenienced not only the Court, but also litigants in other cases who have had their matters delayed due the Court's immediate attention to this matter. As Judge Goodman explained:

> When a party designates a motion as an emergency, it triggers consequences. Basically, it is akin to sounding an alarm in the chambers of the district court judge and the magistrate judge assigned to the case. And that is exactly what happened here. The law clerk working with the Undersigned on this case received a phone call from the District Court's chambers, alerting us to the existence of an emergency motion. As a result, the Undersigned and the law clerk immediately put aside other work in other cases in order to quickly address the purported emergency.

*VMR Prod., LLC v. Elec. Cigarettes Outlet, LLC*, No. 12-23092, 2013 WL 5567320, at *1 (S.D. Fla. Oct. 3, 2013). Plaintiff is cautioned not to file any additional "emergency" motions unless it is truly appropriate. The future unwarranted designation of a motion as an emergency will result in sanctions. *See* S.D. Fla. L.R. 7.1(d)(1).

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [7]**, is denied consistent with this Order.

Case No. 21-cv-21540-BLOOM/Otazo-Reyes

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 23, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record